The opinion of the court was delivered by
Tilghman, C. J.
This is an action of debt, on a recognizance* dated March, 5th, 1821, the condition of which was, “ that if James Nowland should personally appear, at the next Court of Quarter Sessions of the peace, to be held at Huntingdon for the county of Huntingdon, then and there to answer such matters and things as should be objected to him, on behalf of the commonwealth, for having committed fornication, and getting with child a certain Margaret Smith, and not depart the court without licence, then the said recognizance to be void, &c.” The defendant pleaded payment, with leave to give the special matter in evidence, and nil debet, and there upon issues were joined. On the trial, the defendant offered to give evidence* that James Nowland had marrried Margaret Smithy after the date of the recognizance. To this evidence the attorney for the commonweath objected, and the court having decided that it should be adriiitted* an exception was taken to their opinions
Under the pleas in this case*- no evidence was admissible, but that which tended to show, either that the recognizance was not forfeited, or that it had been remitted by lawful authority. But the marriage of James Nowland showed neither one nor the other.Married or not married, he was bound to appear at court and an-1 ’ *356 swer to what might be objected against him. Neither would his marriage, subsequent to the fornication, have been a good plea, if a bill of indictment had been found against him. We are of opinion therefore, that the evidence ought not to have been admitted.
An exception was taken also, to the charge of the court by which the jury were instructed that although James Nowland did not appear, according to the condition of the recognizance, yet if he married Margaret Smith, even with the fraudulent intention of deserting her after marriage, the defendant was entitled to a verdict, unless he was privy to the fraud. The ground on which the counsel for the defendant have endeavoured to support this charge, is, that if James Nowland had appeared at court, no bill would have been sent to the grand jury, for, even if the prosecuting attorney had proposed to send a bill, the court would have forbid it. No law has been shown to us, by which the Court of Quarter Sessions is au-, thorised to forbid the attorney for the commonwealth to send a bill in such a case. It has been usual, indeed, not to send one, where marriage has taken place, subsequent to the fornication. Yet that seems to be a matter entrusted to the discretion of the attorney. But the question, on the issues joined in this case was, whether the recognizance was forfeited by non-appearance, or had been remitted; and not whether James Noioland was guilty of the offences with which he .was charged, or whether, in case he had appeared, a bill would have been sent to the grand jury? Neither was it in issue, whether James Nowland had married, with the fraudulent intention of deserting his wife, or whether the defendant was privy to the fraud. We do not perceive therefore, on what principle the defendant would have been entitled to a verdict, if the jury had thought him innocent of his brother’s fraud. His innocence might have been urged in his favour, on an application for a remission of the forfeiture, but was irrelevant, in the matter before the jury. It, is the opinion of the court that there was error in the charge. The judgment must be reversed and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.